**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ROBIN VERNON COLLINS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **5:26-CV-310 (CAR)** |
| | : | |
| **JUDGE ANGELA SAMMONS and** | : | |
| **ATTORNEY LEE PEACOCK,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

Currently before the Court is *pro se* Plaintiff Robin Vernon Collins's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears he is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** Plaintiff, however, has brought claims that are frivolous, fail to state any claim for relief, and are barred by judicial immunity. Because any amendment would be futile, Plaintiff's Complaint must be **DISMISSED without prejudice** as frivolous.

**I. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

> prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that he cannot pay the court fees because of poverty. Plaintiff states that he receives $1,550.00 per month from disability payments and has no cash or money in a checking or savings account.[5] The Court finds Plaintiff qualifies as a pauper under § 1915, and his Motion [Doc. 2] is **GRANTED**.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted).

[3] *Id.*

[4] *Id.* (citation omitted).

[5] Doc. 2 at 1, 3-4. Although Plaintiff states "silver[,]" his "faimly [sic] 'pet[,]'" relies on him for support, he does not state any person relies on him for support. *Id.* at 4. The 2026 Federal Poverty Guideline for a one-person household is $1,330.00 per month. *See* 2026 HHS Poverty Guidelines, https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf.

**II. Preliminary Screening**

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous if it "lacks an arguable basis either in law or in fact."[8] The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."[9] Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[10] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[11] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant

[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[8] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008 (internal quotation marks omitted).
[9] *Id.* (internal quotation marks omitted).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[11] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

is liable for the misconduct alleged."[12] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[13] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[14]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[15] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[16] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[17]

**A. Factual Allegations and Plaintiff's § 1983 Claims**

Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendants Judge Angela Sammons, a Houston County Magistrate Court Judge, in her official and individual capacities,[18] and Lee Peacock, a private attorney, alleging they jointly violated his rights

---

[12] *Ashcroft*, 556 U.S. at 663.
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[14] *Iqbal*, 556 U.S. at 678.
[15] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[16] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up).
[17] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).
[18] Doc. 1. Although the Complaint's case caption provides "JUDGE A, [sic] Magistrate Court Judge, **in her public** [sic] and individual capacity[,]" Plaintiff alleges in the Complaint's body that "Defendant Judge Angela Sammons is sued in her individual capacity." *Id.* at 1, ¶ 2 (emphasis added).

under (1) the Seventh Amendment;[19] (2) the Supremacy Clause;[20] (3) the Ninth Amendment;[21] (4) the Tenth Amendment,[22] and (5) committed the "Unlawful Assumption and Usurpation of Jurisdiction" when Peacock prosecuted an unspecified civil action (or actions) against Plaintiff in Houston County Magistrate Court, and Judge Sammons determined that the Magistrate Court had subject-matter jurisdiction over the action(s) and denied Plaintiff's demand(s) for a jury trial.[23] Plaintiff attached unsigned and/or incomplete motions purportedly filed in two Houston County Magistrate Court civil cases in which he was a defendant.[24] Plaintiff seeks declaratory relief,[25] unspecified compensatory and nominal damages under 42 U.S.C. § 1983, and "an injunction barring the enforcement of any [unspecified] void state orders."[26]

**B. Analysis**

All Plaintiff's § 1983 claims must be dismissed as frivolous because none are legally cognizable; even if they were, absolute judicial immunity bars his claims for

[19] *Id.* at 2, ¶ 5-9 ("COUNT I: Violation and Ignoral [sic] of the Seventh Amendment[]").
[20] *Id.* at 2, ¶ 10-11 ("COUNT II: Violation and Ignoral [sic] of The Supremacy Clause[]").
[21] *Id.* at 2-3, ¶ 12-14 (COUNT III: Violation and Ignoral [sic] of the Ninth Amendment[]").
[22] *Id.* at 3, ¶ 15-17 ("COUNT IV: Violation and Ignoral [sic] of the Tenth Amendment[]").
[23] *Id.* at 3-4, ¶ 18-19 ("COUNT V: Unlawful Assumption and Usurpation of Jurisdiction; Violation of Fact-Finding Protections and Statutory Limits").
[24] *See* Doc. 1-2; Doc. 1-3. Plaintiff also attached the text of the United States Constitution. *See* Doc. 1-1.
[25] Doc. 1 at 5, ¶ 1. Specifically, Plaintiff requests a declaratory judgment that "the underlying magistrate proceedings and orders were conducted in total absence of subject-matter jurisdiction, in violation of the Supremacy Clause, the Seventh Amendment, the Ninth Amendment, and the Tenth Amendment, and are therefore null, void, and unconstitutional[.]" *Id.*
[26] *Id.* at 5, ¶ 2.

damages against Judge Sammons, and his claims for declaratory or injunctive relief are also barred. Accordingly, any amendment would be futile.

**1. <u>No Claim Is Legally Cognizable</u>**

Plaintiff's § 1983 claims are not legally cognizable. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right under the U.S. Constitution or federal law.[27] Plaintiff's § 1983 claim for "Violation and Ignoral [sic] of the Seventh Amendment" in Count I is not legally cognizable because the Seventh Amendment's guarantee of an individual's right to a civil jury trial does not apply to state court proceedings.[28] And Plaintiff's § 1983 claims for "Violation and Ignoral [sic] of The Supremacy Clause" in Count II, "Violation and Ignoral [sic] of the Ninth Amendment" in Count III, and "Violation and Ignoral [sic] of the Tenth Amendment" in Count IV are not legally cognizable because the Ninth and Tenth Amendments do not "independently secur[e] any constitutional right, for purposes of pursuing a civil rights claim[,]"[29] and "the Supremacy Clause is not itself a source of

---

[27] 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

[28] *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 432 (1996) ("The Seventh Amendment[] . . . governs proceedings in federal court, but not in state court[.]") (footnote omitted); *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) (citing *Curtis v. Loether*, 415 U.S. 189, 192, n.6 (1974)) (same); *see also Makere v. Allstate Ins. Co.*, No. 24-11336, 2025 WL 3022497, at *7 n.11 (11th Cir. Oct. 29, 2025) ("The Seventh Amendment protects an individual's right to a civil jury trial. But it does not apply to proceedings in state court.") (internal citations omitted).

[29] *See Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986) (recognizing that the Ninth and Tenth Amendments do not secure individual constitutional rights for purposes of pursuing civil rights claims); *Stone v. City of Prescott*, 173 F.3d 1172, 1175 (9th Cir. 1999) (recognizing that "a section 1983 claim" cannot be based "on the Tenth Amendment because it is neither a source of federal authority nor a fount of individual constitutional rights[]"); *Jones v. Mnuchin*, 529 F. Supp. 3d 1370, 1376 (S.D. Ga. 2021) (recognizing

rights enforceable under § 1983."[30] Plaintiff's § 1983 claim for "Unlawful Assumption and Usurpation of Jurisdiction" in Count V is not legally cognizable because this count asserts claims for Seventh and Tenth Amendment violations.[31] In addition, Plaintiff fails to plausibly establish that Defendant Peacock, who allegedly served as opposing counsel in the civil action(s), acted under color of state law.[32]

### 2. **Judge Sammons Is Entitled to Absolute Judicial Immunity**

Plaintiff's claims for damages against Judge Sammons are barred by absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the

---

that "it is well established that the Ninth Amendment standing alone houses no constitutional guarantees of freedom[]") (citations omitted) (cleaned up); *Davies v. Sheriff of Orange Cnty.*, No. 614CV760ORL22GJK, 2015 WL 12839779, at *4 (M.D. Fla. Mar. 18, 2015) (holding plaintiff could not "'base a § 1983 claim on the Tenth Amendment because 'because it is neither a source of federal authority nor a fount of individual constitutional rights[,]'" and it "constrains 'the power of the federal government ... not the power of the States[]'") (quoting *Stone*, 173 F.3d at 1174-75).

[30] *Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 76 (1st Cir. 2004) (citing *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 107 (1989)); *see also Golden State Transit Corp.*, 493 U.S. at 107 n.4 (reasoning that "the Supremacy Clause, of its own force, does not create rights enforceable under § 1983[]" and explaining that "a Supremacy Clause claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff[]"); *Dennis v. Higgins*, 498 U.S. 439, 450 (1991) (same); *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015) ("[T]he Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action. It instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so.") (cleaned up) (citations omitted).

[31] Doc. 1 at 3-4, ¶ 18-19 ("COUNT V: Unlawful Assumption and Usurpation of Jurisdiction; Violation of Fact-Finding Protections and Statutory Limits").

[32] *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action.").

'clear absence of all jurisdiction.'"[33] Accordingly, "[t]his immunity applies even when the judge's acts were in error, malicious, or in excess of his or her jurisdiction."[34] Therefore, Judge Sammons is absolutely immune from Plaintiff's claims for damages arising from her alleged ruling(s) on Plaintiff's motion(s)—normal judicial functions made in her judicial capacity.[35]

In his Complaint, Plaintiff asserts Judge Sammons lacks absolute judicial immunity because she acted without subject-matter jurisdiction over Plaintiff's civil action(s) in Houston County Magistrate Court.[36] Plaintiff appears to allege that his one-fifth interest in certain real property was the subject matter of the civil action(s) and that the fair market value of his property interest was "$27,000.00[,]" which exceeded the Magistrate Court's jurisdictional limit of $15,000.00.[37] Although Plaintiff's unclear allegations point out that Judge Sammons may have exceeded her court's jurisdictional limits by erroneously accepting Plaintiff's opponent's proposed property valuation over

---

[33] *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)) ("Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.").

[34] *Id.* (quoting *Bolin*, 225 F.3d at 1239); *see also Knezevich v. Ptomey*, 761 F. App'x 904, 907 (11th Cir. 2019) (citing *Sibley*, 437 F.3d at 1070) (same).

[35] *See, e.g.*, *Knezevich*, 761 F. App'x at 907 (citing *Sibley*, 437 F.3d at 1070) (holding that plaintiff's § 1983 claims against judge were barred because the judge's "action of interpreting the law in a case pending before him was a normal judicial function[,]" entitling him to absolute judicial immunity).

[36] Doc. 1 at 3-4.

[37] *Id.*; *see also* Ga. Code Ann. § 15-10-2(a)(5) (providing magistrate courts with jurisdiction over "the trial of civil claims . . . in which exclusive jurisdiction is not vested in the superior court and the amount demanded or the value of the property claimed does not exceed $15,000.00[]) (effective until January 1, 2027).

his own, they do not plausibly suggest that she "acted in the clear absence of all jurisdiction[.]"[38]

### 3. Claims for Declaratory and Injunctive Relief Are Barred

Plaintiff's claims for declaratory or injunctive relief are barred. "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."[39] Because Plaintiff may appeal the rulings, or actions taken, in his Houston County Magistrate Court civil cases to, or seek an extraordinary writ from, the Georgia Supreme Court, he cannot show "the absence of an adequate remedy at law[;]" thus, his claims for declaratory or injunctive relief are barred.[40]

### 4. Amendment Would Be Futile

Generally, a *pro se* plaintiff must be given an opportunity to amend his complaint before the district court dismisses it.[41] But the Court need not allow an amendment where

---

[38] *Sibley*, 437 F.3d at 1070 (cleaned up) (citation omitted).
[39] *Bolin*, 225 F.3d at 1242 (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)).
[40] *See id.* at 1242-43. It is unclear whether the Magistrate Court of Houston County has entered a final judgment in Plaintiff's civil action(s). *See* Doc. 1. To the extent that a final judgment has been entered, this lawsuit would be barred by the *Rooker-Feldman* doctrine, which "bars suits in federal district court that 'seek what in substance would be appellate review of a state judgment[,]'" because all Plaintiff's claims challenge the Houston County Magistrate Court's allegedly erroneous ruling(s) regarding its subject-matter jurisdiction and his request(s) for a jury trial. *T. M. v. Univ. of Maryland Med. Sys. Corp.*, 608 U.S. 668, 681 (2026) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994)) (cleaned up).
[41] *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003).

such amendment would be futile.[42] "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."[43] Because no claim is legally cognizable, absolute judicial immunity bars his claims for damages against Judge Sammons, and his claims for declaratory or injunctive relief are barred, any amendment would be futile. Thus, Plaintiff's Complaint is hereby **DISMISSED without prejudice**.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but Plaintiff's Complaint is hereby **DISMISSED without prejudice as frivolous.**

**SO ORDERED,** this 2nd day of November, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[42] *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014 (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).
[43] *Id.*